# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

PATRICK TAYLOR &
JOE NOWELL, JR.                                                                                    PLAINTIFFS

V.                                    4:06CV00607 SWW/HDY

BOBBY BROWN                                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiffs filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 23, 2006, naming Major Bobby Brown as a Defendant, and alleging that the Faulkner County Jail should have nurses or certified staff members dispensing medications to those housed at the jail. Plaintiff Taylor was granted *in forma pauperis* status by order entered May 26, 2006, and Plaintiff Nowell was ordered to file either a motion for leave to proceed *in forma pauperis*, or to submit the $350.00 filing fee within 30 days (docket entry #3). However, Plaintiff Nowell has not responded to the order.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its

review, the Court is mindful that a Complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

In the complaint, Plaintiffs assert that only nurses or certified staff should dispense medication to those housed at the jail. There is no allegation that either named Plaintiff, or even any other inmate, has been harmed by the current policy at the jail. Accordingly, Plaintiffs have failed to state a claim upon which relief may be granted.[1]

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff Nowell's complaint would additionally be subject to dismissal pursuant to local rule 5.5(c)(2) for failing to respond to the Court's order directing him to file a motion for leave to proceed *in forma pauperis*, or the $350.00 filing fee.

    2.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

    3.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this  17  day of July, 2006.

*/s/ H. David Young*
_____
UNITED STATES MAGISTRATE JUDGE